891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re SOUTHERN INDUSTRIAL BANKING CORPORATION, doing
business as Daveco, Debtor.
Thomas E. DUVOISIN, Liquidating Trustee of Plan and
Creditors Liquidation Trust Southern Industrial
Banking Corporation, Plaintiff-Appellant,
v.
KENNERLY, MONTGOMERY, HOWARD & FINLEY, a General
Partnership; W.W. Kennerly; Lewis S. Howard; Robert A.
Finley; C.A. Ridge, Jr.; L. Anderson Gaylo, III; Darryl
G. Lowe; Thomas C. Cravens, III; Alexander M. Taylor;
Jack M. Tallent, II; G. Wendell Thomas, Jr.; Mary C.
Montgomery, Executrix of George D. Montgomery, Defendants-Appellees.
 Nos. 88-6217 to 88-6219
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff, the trustee in bankruptcy, appealed the grant of partial summary judgment to the defendants and remand of this adversary proceeding to the bankruptcy court from which it had been withdrawn pursuant to 28 U.S.C. § 157(d). The defendants have moved for dismissal on grounds the orders being appealed are not final judgments and were not certified for an interlocutory appeal pursuant to either Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b). The plaintiff has responded in opposition.
 
 
 2
 Since the district court acted as a trial court in this adversary proceeding, the general principles of finality are applicable in review of these orders. See In re: Vause, 886 F.2d 794 (6th Cir.1989) (28 U.S.C. § 158(d) applicable only where district court sat in appellate capacity); In the Matter of Bishop, Baldwin, Rewald, Dillingham & Wong, Inc., 856 F.2d 78 (9th Cir.1988) (final judgment rule of 28 U.S.C. § 1291 applicable when district court sat as trial court). Absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b), Fed.R.Civ.P., an order disposing of fewer than all parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). The district court denied such certification. We further conclude that the orders in question are not reviewable under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949) since they will be reviewable upon an appeal following the final determination of the action. See In the Matter of Louis R. Koerner, Jr., 800 F.2d 1358 (5th Cir.1986).
 
 
 3
 It is therefore ORDERED that the motions to dismiss these appeals are granted.